IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JEREMIAH BOONE,** | CASE NO. 5:23 CV 301 |
| Plaintiff, | |
| v. | JUDGE CHARLES E. FLEMING |
| **LISA FAY, et al.,** | **MEMORANDUM OPINION** |
| Defendants. | **AND ORDER** |

### INTRODUCTION

*Pro se* plaintiff Jeremiah Boone filed this civil rights action against Lisa Fay, Portage County Child Support Enforcement Agency ("CSEA") manager; John Foster, CSEA agent; and Sharon Spence, CSEA agent (Doc. No.1). Plaintiff alleges the defendants violated his due process rights under the United States Constitution with respect to child support orders presumably issued by the Portage County Domestic Relations Court. Plaintiff filed a motion to proceed with this case *in forma pauperis* (Doc. No. 2), and that motion is granted.

For the following reasons, this action is dismissed.

### BACKGROUND

Plaintiff's complaint contains numerous vague and conclusory allegations and very few facts. As best the Court can discern, Plaintiff alleges that the defendants have conspired to commit fraud

through the enforcement of purportedly fraudulent child support orders. He alleges that the "fraudulent claim" was never signed by a judge, and he was deprived of due process during the child support hearings and contempt hearings. He further alleges that the defendants' actions have caused a financial strain, due to wage garnishments and court fees. (Doc. No. 1 at 6-9).

For relief, Plaintiff asks this Court to dismiss his child support case and award damages in the amount of $221,500 "for pain and suffering, with payments, arrears, tickets, and suspension costs..." (Doc. No. 1 at 7).

**STANDARD OF REVIEW**

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). While the Court must construe the pleading in the light most favorable to the plaintiff, *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998), the Court is not required to conjure unpleaded facts or construct claims against a defendant on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) also governs dismissal for failure to state a claim under §

1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Twombly*, 550 U.S. at 564. A plausible pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555; Iqbal, 556 U.S. at 677-78. A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

Further, a district court may *sua sponte* dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) if it lacks subject matter jurisdiction, and it has an independent obligation to determine whether subject matter jurisdiction exists. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

## DISCUSSION

It is unclear whether the state court proceedings regarding the child support orders remain pending or are concluded. Regardless, the Court must dismiss this action.

### A. Younger Abstention

If state court proceedings remain pending, then the court must not interfere with those proceedings. A federal court must abstain from interfering with pending state court proceedings involving important state interests absent extraordinary circumstances which are not present here. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Abstention is appropriate where: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing Younger, 401 U.S. at 43-45). Concerning the final factor of the *Younger* abstention, Plaintiff bears

the burden of demonstrating that state law prevents him from raising his federal claims in state court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14-15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987). And in the absence of "unambiguous authority to the contrary," the Court may assume that state court procedures will afford Plaintiff an adequate opportunity to present his federal claims in the pending state court proceedings. *Id.* Abstention is mandated whether the state-court proceeding is criminal, quasi-criminal, or civil in nature, as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

If Plaintiff's child support case remains pending, all three factors supporting abstention are present. The State of Ohio has an important interest in enforcing its laws regarding domestic and child custody matters. *See Meyers v. Franklin Cty. Court of Common Pleas*, 23 F. App'x 201, 204-05 (6th Cir. 2001) (finding child welfare and protection is undeniably an important state interest); *Butterfield v. Steiner*, No. C2-01-1224, 2002 U.S. Dist. LEXIS 19057, 2002 WL 31159304, at *6 (S.D. Ohio Sept. 5, 2002) ("Federal courts have consistently recognized that matters relating to domestic relations cases and child custody disputes implicate important state interests[.]") (citing *Moore v. Sims*, 442 U.S. 415, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979)). There are no allegations in the complaint that the available state court proceedings do not afford Plaintiff an adequate opportunity to raise the constitutional claims he raises here.

Accordingly, the requirements of *Younger* are satisfied and, to the extent that state court proceedings concerning the child support order remain pending, the Court ***will not*** interfere with those proceedings.

### B. Rooker-Feldman Doctrine

4

To the extent the state court proceedings concerning the child support orders have concluded, this complaint essentially constitutes an appeal of the state court proceedings, and the Court lacks subject matter jurisdiction over this action pursuant to the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990) (quoting *Pennzoil*, 481 U.S. at 25)), amended on other grounds 243 F.3d 234 (6th Cir. 2001).

Plaintiff in the instant case asks this Court to dismiss his child support case and effectively terminate the child support orders entered by the state court; he further requests a refund of wages reportedly taken to fulfill his child support obligations. This action is precisely the kind of challenge to a state court decision that is barred by the *Rooker-Feldman* doctrine. *Rowe v. City of Detroit*, 234 F.3d 1269 (Table) (6th Cir. 2000) ("Because Rowe's complaint seeks federal court review of state court orders regarding child support, the *Rooker-Feldman* doctrine precludes the exercise of federal jurisdiction.")(citing *Feldman*, 460 U.S. at 486; *Rooker*, 263 U.S. at 415-16); *see also Belock v. Burt*, 19 F. App'x 323, 324 (6th Cir. 2001) (affirming the district court's decision that it "lacked jurisdiction to review the support orders of the Geauga County Common Pleas Court"). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16.

Accordingly, to the extent that state court proceedings concerning the child support orders have concluded, the Court lacks jurisdiction over this matter.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) **is GRANTED**. For the reasons stated above, however, this action is **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2) and Rule 12(b)(1). The Court **CERTIFIES**, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Date: June 8, 2023

*/s/ Charles Fleming*
CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE